[Cite as *State v. Quinonez*, 2011-Ohio-3064.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 95783

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## FRANK QUINONEZ

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-469210

**BEFORE:**   S. Gallagher, J., Blackmon, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   June 23, 2011

**ATTORNEY FOR APPELLANT**

Ronald A. Skingle
2450 St. Clair Avenue
Cleveland, Ohio   44114

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Luke Mahoney
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

SEAN C. GALLAGHER, J.:

{¶ 1}  Appellant Frank Quinonez ("Quinonez") appeals his conviction following a bench trial in Cuyahoga County Common Pleas Court Case No. CR-469210 on one count each of aggravated robbery, assault, grand theft of a motor vehicle, and passing a bad check.  The trial court sentenced Quinonez to an aggregate nine-year term of incarceration.  For the following reasons, we affirm the decision of the trial court.

**{¶ 2}** On June 23, 2005, Quinonez test-drove a new 2006 Mercedes Benz, CLS 500, valued at more than $70,000. After returning from the test-drive, Quinonez offered to purchase the car for the sticker price and wrote a check for the full amount. The salesmen attempted to confirm the authenticity of the check and found it was drawn on a closed account. The manager, now informed of the situation, asked Quinonez for another form of payment. Quinonez still had the key to the car and would not return it despite the manager's request. Quinonez returned to the car under the guise of retrieving something left during the test-drive. The manager and three other salespersons accompanied Quinonez. Quinonez jumped in the car, locked the doors, started it, and quickly reversed the car from the parking spot. The manager moved in front of the car with his hands on the hood in an attempt to keep Quinonez from driving off the premises. With the manager still standing in front of the car, Quinonez revved the engine by pressing the accelerator pedal all or almost all the way down and then put the car into "drive." He quickly exited the parking lot and in the process ran into the manager, who was attempting to get out of the way. The manager was hit by the car.

**{¶ 3}** After hearing the testimony at a bench trial, the trial court found Quinonez guilty of aggravated robbery in violation of R.C. 2911.01, the lesser included offense of assault in violation of R.C. 2903.13 against a separate

victim, grand theft motor vehicle in violation of R.C. 2913.02,[1] and passing bad checks in violation of R.C. 2913.11. It is from that decision that Quinonez timely appeals, asserting as his sole assignment of error that "[a]ppellant's conviction of aggravated robbery is not supported by sufficient evidence." This assignment of error is not well taken.

{¶ 4} In reviewing a claim of insufficient evidence, "'the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 77, quoting *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386, ¶ 37.

---

[1] We acknowledge that pursuant to *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, trial courts must undergo the allied offense analysis prior to sentencing and the failure to do so is plain error. To constitute plain error pursuant to Crim.R. 52(B), there must be an error or deviation from a legal rule that is plain or obvious, and that affected the defendant's substantial rights by affecting the outcome of the trial. *State v. Barnes* (2002), 94 Ohio St.3d 21, 27, 739 N.E.2d 1240. Even if an error satisfies these prongs, appellate courts are not required to correct the error; we retain discretion whether to correct plain errors. Id. In this case, Quinonez does not challenge his sentences for aggravated robbery and grand theft motor vehicle on the basis of being allied offenses subject to merger. Quinonez's sentences were imposed concurrently, and we therefore decline to address this issue sua sponte.

{¶ 5} At oral argument, Quinonez argued that the central question of his case was whether the object of the underlying theft offense, the motor vehicle, can simultaneously satisfy the element of being a deadly weapon for a conviction for aggravated robbery. Under these facts and pursuant to the precedent of this district, we answer that question in the affirmative. See *State v. Patton* (Mar. 19, 1992), Cuyahoga App. No. 60032. The facts of *Patton* are similar to the current case. The defendant attempted to steal a car from a rental company's parking lot. A security guard attempted to intervene, and the defendant ran into the guard with the car while effectuating his escape. The *Patton* court specifically rejected the notion that the object of the theft cannot also satisfy the deadly weapon requirement of aggravated robbery. Id. The court reasoned that the defendant could have stolen the car without using it as a weapon, distinguishing the aggravated robbery from the theft offense. We agree, and absent authority to the contrary, we find no merit to Quinonez's argument.

{¶ 6} Quinonez also challenges his conviction of aggravated robbery in violation of R.C. 2911.01(A)(1) on the basis that the state failed to introduce sufficient evidence establishing his intent to use the stolen car as a weapon. R.C. 2911.01(A)(1) states in pertinent part that "[n]o person, in attempting or committing [grand theft of a motor vehicle in violation of R.C. 2913.02], or in fleeing immediately after the attempt or offense, shall * * * [h]ave a deadly

weapon * * * and either display the weapon, brandish it, indicate that the offender possesses it, or use it." "[A]n automobile can be classified as a deadly weapon when used in a manner likely to produce death or great bodily harm." *State v. Kilton*, Cuyahoga App. No. 80837, 2003-Ohio-423, ¶ 25. "[A] court should not only consider the intent and mind of the user, but also the nature of the weapon, the manner of its use, the actions of the user, and the capability of the instrument to inflict death or serious bodily injury. The question of whether an automobile is used as a deadly weapon is a question of fact for the trier of fact." (Internal citations omitted.) Id.

{¶ 7} In *Kilton*, the defendant pulled behind the victim while both were driving separate vehicles on a roadway. The defendant repeatedly bumped the victim's car, causing the victim to lose control of her car at one point. This court held that the "intentional acts were knowing and done in an attempt to cause physical harm to the victim. The fact that the appellant repeatedly hit and bumped the victim's vehicle as traffic approached, while crossing over a bridge, and thereafter forced her vehicle from the road clearly manifests the intent of the appellant to cause her physical harm." Id. at ¶ 26. The court also found that the fact that the defendant used his vehicle to further his aggression reflected the vehicle being used as a deadly weapon. Id.

**{¶ 8}** Quinonez focuses on his subjective intent to use the car as a weapon. He argues that he never intended to use it in such a way, and that if he had, he would have swerved into the manager rather than driving straight out of the lot. His intent, however, is not the only consideration. We must also look at the nature of the weapon, the manner of its use, the actions of the user, and the capability to inflict serious harm. Id. The testimony established during the bench trial reflects that the manager attempted to prevent Quinonez from leaving the premises by standing directly in front of the car. The manager had his hands on the hood of the vehicle. Quinonez then quickly drove forward by pressing the accelerator all or close to all the way down before putting the car into "drive." The manager remembers that the car just "shot out" before he could get out of the way. Quinonez actually made contact with the manager, hitting him on the left side of his body, from knee to elbow.

**{¶ 9}** Regardless of Quinonez's subjective intent, there is sufficient evidence establishing that Quinonez used the car as a deadly weapon. The manager was directly in front of the car and was clearly visible. Quinonez had already seized exclusive control of the vehicle by locking himself inside and had no reason to drive the car into the victim in that manner. Putting the car into drive while the engine is revving and with the victim standing directly in front of the car is inherently dangerous and involves a substantial

likelihood of serious bodily injury. Such actions did not allow the manager any time to move to a safer location. Those facts establish sufficient evidence of Quinonez's intent to use the car as a deadly weapon. Based on the foregoing evidence, the essential elements of the crime were proven beyond a reasonable doubt and support the conviction of aggravated robbery. Quinonez's sole assignment of error is overruled.

{¶ 10} The decision of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

PATRICIA ANN BLACKMON, P.J., and
KENNETH A. ROCCO, J., CONCUR