[Cite as *State v. Quinonez*, 2011-Ohio-4915.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 95759

---

## STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

## FRANK QUINONEZ

### DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-468743

**BEFORE:** Jones, J., Sweeney, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 8, 2011

**ATTORNEY FOR APPELLANT**

Jonathan N. Garver
4403 St. Clair Avenue
The Brownhoist Building
Cleveland, Ohio 44103


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Luke Mahoney
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, J.:

{¶ 1} Defendant-appellant, Frank Quinonez, appeals his convictions for failure to comply with the order or signal of a police officer and vandalism. For the reasons that follow, we affirm.

Procedural History and Facts

{¶ 2} In 2005, Quinonez was charged in Case No. CR-468743 with felonious assault, failure to comply with the order or signal of a police officer, and vandalism. He was charged

in a separate but related case, Case No. CR-469210, with aggravated robbery, assault, grand theft of a motor vehicle, and passing a bad check. Quinonez failed to appear at his arraignment and the court issued a capias for his arrest. Quinonez was apprehended and arraigned in December 2008.

{¶ 3} In August 2010, a bench trial began in Case No. CR-468743, which is the subject of this appeal. The following pertinent evidence was adduced at trial.

{¶ 4} On June 23, 2005, officers of the Brecksville Police Department received a bulletin to be on the lookout for a 2006 Mercedes Benz CLS500 that had been stolen from a car dealership in North Olmsted. The information the police received was that a man, later identified as Quinonez, had stolen the car off the dealership's lot after trying to buy it with a counterfeit check.

{¶ 5} Brecksville Police Department corrections officer John Zipay testified he first spotted Quinonez traveling eastbound on Route 82. He stated he got a good look at the driver and was able to identify Quinonez in court. Because Zipay was not a police officer at the time, he did not try to pull the car over but rather followed it until the police arrived on the scene. Officer Ken Septaric was the first officer to join the pursuit. During the chase, Officer Septaric was able to pull his zone car in front of Quinonez. Officer Christopher Grimm drove his zone car behind Quinonez, in an attempt to box the car in on a bridge. Quinonez drove off, hitting both Officer Septaric's zone car and a minivan. The minivan

was driven by a mother who had her two young children inside and the crash caused $4,000 worth of damage to her car. Septaric's zone car was also disabled by the collision.

{¶ 6} Officer Grimm followed Quinonez for approximately one mile. Quinonez reached speeds greater than 90 m.p.h. and the officer abandoned his pursuit of the stolen car, citing safety reasons.

{¶ 7} Quinonez continued driving eastbound on Route 82 and ended up driving southbound on Interstate 77. Sergeant Bruce Lowery of the Tuscarawas Sheriff's Department testified that he received a bulletin and began to follow Quinonez on the highway. He chased Quinonez for approximately an hour before an officer from Holmes County was able to run the stolen car into a ditch, and then detain and arrest Quinonez. Sergeant Lowery also identified Quinonez as the driver of the stolen Mercedes.

{¶ 8} The trial court convicted Quinonez of failure to comply with the order or signal of a police officer and vandalism, but acquitted him of felonious assault.

{¶ 9} The trial court sentenced Quinonez to five years for failure to comply and 18 months for vandalism, to be served consecutively to each other and to a nine-year sentence imposed in Case No. CR-469210. Quinonez's conviction in Case No. CR-469210 was recently affirmed on appeal. *State v. Quinonez*, Cuyahoga App. No. 95783, 2011-Ohio-3064.

{¶ 10} Quinonez now appeals his convictions for failure to comply and vandalism,

raising the following assignments of error for our review:

"I.  Appellant's convictions for failure to comply and vandalism are against the manifest weight of the evidence.

"II.  The trial court abused its discretion by imposing maximum consecutive terms of imprisonment for failure to comply and vandalism.

"III.  The trial court committed prejudicial error by failing to make findings required to impose consecutive sentences."

<u>Manifest Weight and Sufficiency of the Evidence</u>

{¶ 11} In his first assignment of error, Quinonez contends that his convictions are against the weight of the evidence because there was not enough evidence that he was the driver of the stolen car and, if he was the driver, the state did not present sufficient evidence that he acted knowingly.

{¶ 12} In determining whether a conviction is against the manifest weight of the evidence an appellate court "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten* (1986), 33 Ohio App.3d 339, 340, 515 N.E.2d 1009.

{¶ 13} A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other.  *State v. Thompkins*, 78 Ohio

St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. Therefore, this court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717; see, also, *Otten*, at id.

{¶ 14} Our review of the evidence at trial shows that his convictions were not against the manifest weight of the evidence. Quinonez claims that he was a victim of misidentification. But there was no evidence presented at trial that anyone other than Quinonez was driving the car. Police officers from Brecksville Police and Tuscarawas Sheriff's Department identified Quinonez as the man who was driving the stolen car. Officer Septaric testified that he received information to be on the lookout for a Frank Quinonez, who stole a car off a dealer lot in North Olmsted. The officer testified that Quinonez was initially identified because he left his drivers license at the dealership. Former corrections officer John Zipay testified that he first saw Quinonez driving on Route 82. He saw Quinonez as the suspect passed him, gave a physical description of him to police, and identified him through his BMV photo on the day of the incident. Zipay further identified Quinonez in court as the man he saw driving the stolen car. Sargeant Lowery testified that he pursued Quinonez for

over an hour before Quinonez was stopped and arrested. Lowery identified Quinonez in court as the man pulled from the stolen car.

{¶ 15} The evidence presented at trial showed that Quinonez led multiple police departments on a lengthy high-speed chase that culminated in him crashing the stolen car into a ditch. Quinonez was identified shortly after he stole the car and several hours later in another part of the state. He led police on a high-speed chase, crashed into a patrol car and a minivan, causing damage to both vehicles and endangered the lives of many. Based on the testimony presented at trial, we find that this is not an exceptional case in which the evidence weighs heavily against conviction.

{¶ 16} Within this assignment of error, Quinonez also argues that his conviction for vandalism was not supported by sufficient evidence because there was no evidence presented that he acted knowingly. We disagree.

{¶ 17} In a sufficiency challenge, this court does not evaluate witness credibility. *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, 767 N.E.2d 216, ¶79. Rather, in a sufficiency review, we determine whether the state has presented adequate evidence on each element of the offense to allow the case to go to the jury. *Thompkins* at 386. Sufficiency of the evidence is a legal standard that tests whether the evidence introduced at trial is legally sufficient to support a verdict. Id. We examine the evidence in the light most favorable to the state and conclude whether any rational trier of fact could have found that the state proved,

beyond a reasonable doubt, all of the essential elements of the crime.  *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.   In essence, sufficiency is a test of adequacy.   Whether the evidence is legally sufficient to sustain a verdict is a question of law.  *Thompkins* at id.

{¶ 18} R.C. 2909.05(B)(1)(a), which governs the crime of vandalism, states that "[n]o person shall knowingly cause physical harm to property that is owned or possessed by another, when * * * [t]he property is used by its owner or possessor in the owner's or possessor's profession, business, trade, or occupation, and the value of the property or the amount of physical harm involved is five hundred dollars or more * * *."

{¶ 19} Upon review, the state presented sufficient evidence that Quinonez acted knowingly.   "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature."   R.C. 2901.22(B).   The testimony at trial established that Quinonez rammed his car into the police car, causing significant damage to the cruiser, in his successful attempt to avoid capture by the Brecksville police.   Therefore, the State presented sufficient evidence to convict him of vandalism.

{¶ 20} The first assignment of error is overruled.

<u>Sentencing</u>

{¶ 21} In his second and third assignments of error, Quinonez challenges his sentence.

{¶ 22} In *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the Ohio Supreme Court addressed the standard for reviewing felony sentencing. See, also, *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Appellate courts must apply the following two-step approach: "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard." *Kalish* at ¶26.

{¶ 23} Thus, in the first step of our analysis, we review whether the sentence is contrary to law as required by R.C. 2953.08(G). As the *Kalish* court noted, post-*Foster*, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive or more than the minimum sentence." Id. at ¶11; *Foster*, paragraph seven of the syllabus. The *Kalish* court declared that although *Foster* eliminated mandatory judicial fact-finding, it left R.C. 2929.11 and 2929.12 intact. *Kalish* at ¶13. As a result, the trial court must still consider these statutes when imposing a sentence. Id., citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, at ¶38.

{¶ 24} R.C. 2929.11(A) provides:

"[A] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing[,] * * * to protect the public from future crime by the

offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

{¶ 25} R.C. 2929.12 provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶ 26} The *Kalish* court noted that R.C. 2929.11 and 2929.12 are not fact-finding statutes like R.C. 2929.14. *Kalish* at ¶17. Rather, they "serve as an overarching guide for trial judges to consider in fashioning an appropriate sentence." Id. Thus, "[i]n considering these statutes in light of *Foster*, the trial court has full discretion to determine whether the sentence satisfies the overriding purposes of Ohio's sentencing structure." Id.

{¶ 27} Quinonez argues the trial court erred in sentencing him to consecutive sentences without making findings under R.C. 2929.14(E)(4). In doing so, he relies on the United States Supreme Court's decision in *Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517, arguing that *Ice* retroactively reinstates the consecutive-sentencing statutes requiring fact-finding that were excised in *Foster*.

{¶ 28} The Ohio Supreme Court expressly rejected this argument in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768. In *Hodge*, the Supreme Court held that *Oregon v. Ice* does not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in *Foster*. "Because the

statutory provisions are not revived, trial judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made." *Hodge* at ¶39. See, also, *State v. Torres*, Cuyahoga App. No. 95646, 2011-Ohio-350.

{¶ 29} It is undisputed that Quinonez's sentence is not contrary to law. Quinonez was convicted of violating R.C. 2921.331(B), which provides that "[n]o person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." A violation of R.C. 2921.331(B) is a felony of the third degree if the jury or judge as trier of fact finds by proof beyond a reasonable doubt that "[t]he operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property." R.C. 2921.331(C)(5).

{¶ 30} Moreover, R.C. 2921.331(D) provides that "[i]f an offender is sentenced pursuant to division (C)(4) or (5) of this section for a violation of division (B) of this section, and if the offender is sentenced to a prison term for that violation, the offender *shall serve the prison term consecutively to any other prison term* or mandatory prison term imposed upon the offender." (Emphasis added.)

{¶ 31} Thus, because the trial court found Quinonez guilty of violating R.C. 2921.331(B) and R.C. 2921.331(C)(5) as charged in the indictment, the trial court was

required to run his sentence for vandalism consecutive to his sentence for failure to comply.

{¶ 32} Finally, in its sentencing entry the trial court indicated that it considered R.C. 2929.11 and all factors as required by law. On these facts, we conclude that Quinonez's sentence was not contrary to law.

{¶ 33} Having satisfied the first step, we next consider whether the trial court abused its discretion. *Kalish* at ¶4, 19. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Id. at ¶19, citing *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶ 34} We find no abuse of discretion in imposing six-and-a-half years imprisonment under the circumstances presented in the instant case. The evidence presented at trial showed that after stealing a car from a local dealership, Quinonez led multiple police departments on a high-speed chase with speeds in excess of 90 m.p.h. During the pursuit, he ran into a police cruiser, disabling it, and a minivan with a woman and two young children inside, causing extensive damage to the van.

{¶ 35} The second and third assignments of error are overruled.

Accordingly, judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's

conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

LARRY A. JONES,   JUDGE

JAMES J. SWEENEY, P.J., and
SEAN C. GALLAGHER, J., CONCUR.